UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERRELL WILLIAMS, | ) | FILED: DECEMBER 11, 2008 |
| | ) | 08 CV 7105 |
| Plaintiff, | ) No. | |
| | ) | JUDGE LEFKOW |
| vs. | ) Judge | MAGISTRATE JUDGE VALDEZ |
| | ) Magistrate Judge | AO |
| CITY OF CHICAGO, | ) | |
| Chicago Police Officers | ) | |
| BRIAN KANE, Star 5538, | ) | Jury Demand |
| JOSHUA PURKISS, Star 4801, | ) | |
| JENNIFER CHAPIN, Star 10080, | ) | |
| LISA NAGY, Star 5617, | ) | |
| TIMOTHY KINSELLA, Star 17145, | ) | |
| LEOPOLDO MORALES, Star 4779 | ) | |
| DANIEL LINNANE, Star 15292, and | ) | |
| RAYMUNDO ZARAGOZA, JR., Star 9227, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Chicago, Illinois.

5. Defendant-Officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**Facts**

8. On or about July 11, 2007, at approximately 3:30 p.m., Plaintiff TERRELL WILLIAMS was at his friend Rasheen Black's house, located at 5128 South May Street in Chicago.

9. In addition to Plaintiff and Rasheen Black, there were numerous other individuals present at Mr. Black's house.

10. Plaintiff has never resided at 5128 South May Street, Chicago.

11. While Plaintiff was at Mr. Black's house, numerous Chicago police officers, including Defendant-Officers BRIAN KANE, JOSHUA PURKISS, JENNIFER CHAPIN, LISA NAGY, TIMOTHY KINSELLA, EOPOLDO MORALES, DANIEL LINNANE, and RAYMUNDO ZARAGOZA arrived at the house with a search warrant for 5128 South May Street, in the name of an unknown black male, approximately 5'7", 200 pounds, 21-25 years old, nicknamed "Lobo."

12. Plaintiff knew that one of the residents of the home, Rasheen Black, was nicknamed "Lobo."

13. During the course of the search, Defendant-Officers took Plaintiff onto the front porch of the residence.

14. On the front porch, Defendant-Officers searched Plaintiff. No contraband or evidence of criminal activity was found.

15. Defendant-Officers then handcuffed Plaintiff. Plaintiff was seized and not free to leave.

16. Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

17. The Defendant-Officers then asked everyone who was present at the house who actually lived at the house. Rasheen Black and his mother told the officers they lived at the house.

18. During the search, the Defendant-Officers found what was later determined to be heroin.

19. The Defendant-Officers transported Plaintiff to the Harrison and Kedize police station.

20. Plaintiff was charged with possession of heroin that was recovered by the Defendant-Officers inside Mr. Black's home.

21. Mr. Black was charged with possession of a fraudulent identification card.

22. In order to manufacture probable cause and put a case on Plaintiff, Defendant-Officers falsely claimed that Plaintiff "answered to Lobo." This was a complete fabrication.

23. Defendant-Officers falsely claimed that they recovered heroin on the stairs where Plaintiff was standing. This was a complete fabrication.

24. Further, on the police report filed by the Defendant-Officers, Plaintiff was identified as the "Lobo" mentioned in the search warrant.

25. Plaintiff has never been known by the name "Lobo."

26. Other search warrants for the residence at 5128 South May Street in Chicago, such as one executed on July 1, 2005, listed the name of Rasheen Black as "Lobo."

27. Plaintiff's case was docketed in the Cook County Circuit Court as: People v. Williams, 07 CR 15755. He was found not guilty on April 17, 2008, following a bench trial in front of Judge Alonso.

28. Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

29. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including loss of physical liberty and emotional distress.

## COUNT I
### (42 U.S.C. § 1983 – False Arrest/Imprisonment)

30. Plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.

31. Defendant-Officers placed Plaintiff under arrest.

32. The arrest of Plaintiff without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (State Law Claim for Malicious Prosecution)

33. Plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.

34. Defendant-Officers instituted charges against Plaintiff for possession of a controlled substance.

35. There was not probable cause for such charges.

36. The charges were terminated in a manner favorable to Plaintiff.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (State Law *Respondeat Superior* Claim)

37. The acts of the Defendant-Officers described in the state law claims specified above were willful and wanton, and committed in the scope of employment.

38. Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against Defendant CITY OF CHICAGO, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

39. The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

40. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Jury Trial Demanded**

                                                Respectfully submitted,

                                                /s/ Lawrence V. Jackowiak
                                                *Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595